UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN J. HUELLE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BERRI GORSUCH,<br><br>　　　　　　　Defendant. | NO: 2:18-CV-0084-TOR<br><br>ORDER DENYING MOTION TO DISMISS |

BEFORE THE COURT is Defendant Berri Gorsuch's[1] Motion to Dismiss for Failure to State a Claim (ECF No. 15). The Motion was submitted for consideration without a request for oral argument. Plaintiff Nathan J. Huelle has not filed a response to the Motion. The Court has reviewed the briefing, the

---

[1] The Motion was also submitted on behalf of Mario Sauceda. ECF No. 15. The Court recently granted Mr. Sauceda's Motion to Dismiss (ECF No. 12), leaving Gorsuch as the sole remaining defendant.

ORDER DENYING MOTION TO DISMISS ~ 1

record, and files herein, and is fully informed. For the reasons discussed below, the Motion to Dismiss (ECF No. 15) is **denied**.

## BACKGROUND

The instant suit concerns Plaintiff Nathan J. Huelle's broken arm and Defendant Berri Gorsuch's alleged failure to ensure Plaintiff received proper medical care. Plaintiff alleges that he suffered a broken arm "from being struck with a shotgun" while being assaulted. ECF No. 1 at 5. Plaintiff subsequently went to the emergency room and his arm was placed in a fiberglass splint and wrapped with an ACE bandage. ECF No. 1 at 5. Plaintiff called the police to report the assault. ECF No. 1 at 5. Unfortunately for Plaintiff, the officer that arrived proceeded to arrest him on two, unrelated warrants in both Klickitat and Grant County. ECF No. 1 at 5-6. Plaintiff was taken to Klickitat County Jail. ECF No. 1 at 6. About one week later, Plaintiff appeared in Klickitat County Superior Court and received a 30-day jail sentence for the matter underlying the Klickitat County warrant. ECF No. 1 at 6.

According to Plaintiff, he requested plastic bags to assist in showering while in the jail, but his request was not fulfilled—leaving his arm in a damp state. ECF No. 1 at 6. Three or four days after beginning his sentence, Plaintiff sought medical care inside the jail to address his arm. ECF No. 1 at 6. Plaintiff saw the jail doctor who recommended that Plaintiff be transported *within the next 3 days* to

a facility capable of administering a fiberglass cast to effectively treat the condition. ECF No. 1 at 7. According to Plaintiff, Sgt. Mario Sauceda and Sgt. Berri Gorsuch were both aware of the recommended treatment. ECF No. 1 at 11.

Three or four days went by and Plaintiff was still in jail. ECF No. 1 at 7. After inquiring as to his medical care, Plaintiff was told that he might be released from custody pending an answer from Grant County regarding his other outstanding warrant. ECF No. 1 at 8. Plaintiff then waited another four days before he was transferred to Grant County (seven or eight days after the doctor recommended he be transferred within 3 days). ECF No. 1 at 8. It is not yet clear whether Plaintiff was an inmate or pretrial detainee, or both.

After the transfer, Plaintiff again waited three or four days (the weekend) to appear before the Grant County Superior Court to address the Grant County warrant. ECF No. 1 at 8. According to Plaintiff, the presiding judge noted that Plaintiff's arm/hand appears to be purple in color and needed obvious medical attention immediately. ECF No. 1 at 9. Plaintiff was released that evening and sought medical care the next day. ECF No. 1 at 9.

Plaintiff brought suit against Sgt. Mario Sauceda and Sgt Berri Gorsuch of the Klickitat County Jail. Plaintiff alleges that both were aware of the treatment recommended by the doctor but did not arrange for such, in violation of his Eighth and Fourteenth Amendment rights, and that this caused permanent damage to his

arm. ECF No. 1 at 9, 11. The Court dismissed the action against Sgt. Mario Sauceda for failure to serve (ECF No. 18), leaving Sgt. Berri Gorsuch ("Defendant") as the sole remaining defendant. Now, Defendant requests the Court dismiss Plaintiff's Complaint for failure to state a claim. ECF No. 15). This Motion is before the Court.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). In other words, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

//

//

## DISCUSSION

Plaintiff asserts Defendant is liable for violating his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.

A. **Eighth Amendment**

"[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitely v. Albers,* 475 U.S. 312, 319 (1986). The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1991) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)). "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)). The plaintiff may show the "defendant's response to the need was deliberately indifferent . . . by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citation omitted).

Defendant argues that "Plaintiff's Eighth Amendment claim should be dismissed because plaintiff fails to allege that the defendants were (a) subjectively aware of any serious medical need, or (b) failed to adequately respond to it." ECF No. 15 at 6. Specifically, Defendant argues that "there is no allegation that defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists or that they also drew the inference." ECF No. 15 at 8. Defendant also complains that, "aside from a vague allegation of 'permanent harm,' the Complaint is devoid of any allegations of what type of harm he suffered, much less allegations demonstrating that defendants knew of the risk of that harm." ECF No. 15 at 8. Defendant also baldly asserts that "Plaintiff's Complaint fails to allege individual participation by defendants in any constitutional violation." ECF No. 15 at 8. The Court disagrees.

//

//

//

//

Plaintiff specifically alleged that Defendant was aware of his medical condition and recommended treatment.[2] Given the apparent severity of Plaintiff's arm and Defendant's alleged awareness of the doctor's orders, Plaintiff alleged sufficient facts to warrant an inference that Defendant Berri Gorsuch was aware of a substantial risk of serious harm should Plaintiff not be transported to a facility for adequate medical care. Plaintiff also alleged facts sufficient to warrant the inference that the failure to transport Plaintiff to a medical facility caused permanent damage to his arm. Further Defendant's alleged awareness of - and the failure to address – the alleged injury gives rise to an inference that Defendant was involved in the alleged constitutional violation. Defendant's complaint that Plaintiff has not identified the exact harm is more suited for summary judgment or trial, not a motion to dismiss that sufficiently alleges harm.

B. **Fourteenth Amendment**

The Fourteenth Amendment protects the individual against the "'arbitrary action of government.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (*quoting Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). Only the most egregious official conduct can be said to be "arbitrary in the constitutional sense." *Id*. at 846

---

[2] For the purposes of the Motion, Defendant does not argue the medical need was not serious. ECF No. 15 at 5, n.1.

(*quoting Collins v. Harker Hgts.*, 503 U.S. 115, 129 (1992)). In other words, the conduct must "shock the conscience." *Lewis*, 523 U.S. at 846.

The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (citation omitted). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (citation omitted). The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id*. (citation omitted). Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (citation omitted).

Defendant argues the conduct at issue "does not approach the threshold level required to maintain a substantive due process claim. Even if plaintiff's medical conditions can be attributed to the few days' delay in receiving care, there is no allegation that his allegedly worsened arm injury resulted from 'conscience-shocking' conduct by either of the defendants." ECF No. 15 at 9. Again, the Court disagrees, at least under the lens of a motion to dismiss.

Given the liberal pleading standards, Plaintiff's allegations raise the inference that the failure to transport Plaintiff to a medical facility in accordance with the doctor's orders is conduct that would shock the conscience given the apparent severity of the broken arm and need for medical attention, which plausibly caused the complained of permanent injuries to Plaintiff's arm.

Defendant has thus failed to demonstrate dismissal is proper.

**IT IS HEREBY ORDERED:**

Defendant Berri Gorsuch's Motion to Dismiss (ECF No. 15) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.

DATED January 11, 2019.



THOMAS O. RICE
Chief United States District Judge