5  UNITED STATES DISTRICT COURT
6  EASTERN DISTRICT OF WASHINGTON

7  NATHAN J. HUELLE,

8              Plaintiff,

9  v.

10 BERRI GORSUCH,

11             Defendant.

NO: 2:18-CV-0084-TOR

ORDER GRANTING DEFENDANT GORSUCH'S MOTION FOR SUMMARY JUDGMENT

12 BEFORE THE COURT is Defendant Berri Gorsuch's Motion for Summary

13 Judgment (ECF No. 27). The motion was submitted for consideration without a

14 request for oral argument. Plaintiff Nathan J. Huelle has not filed a response to the

15 motion. The Court has reviewed the briefing, the record, and files herein, and is

16 fully informed. For the reasons discussed below, the Motion for Summary

17 Judgment (ECF No. 15) is **granted**.

18                                         **BACKGROUND**

19 In short, the instant suit concerns Plaintiff Nathan J. Huelle's broken arm

20 and Defendant Berri Gorsuch's alleged failure to ensure Plaintiff received proper

ORDER GRANTING DEFENDANT GORSUCH'S MOTION FOR SUMMARY
JUDGMENT ~ 1

medical care while Plaintiff was incarcerated at the Klickitat County Jail. Plaintiff alleged in his complaint that Gorsuch was aware that Plaintiff needed treatment for his arm but failed to do so in violation of his rights under the Eighth and Fourteenth Amendment, and that this caused permanent damage to his arm. ECF No. 1 at 9, 11.

Gorsuch has moved for summary judgment on Plaintiff's claim against him. Plaintiff has not filed a response to the motion for summary judgment, despite being provided a notice of the underlying requirements for responding to a motion for summary judgment. ECF No. 31 (*Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) type notice).

**STANDARD OF REVIEW**

A movant is entitled to summary judgment if the movant demonstrates "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the

nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

In deciding, the court may only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). As such, the nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. At this stage, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.

## DISCUSSION

Defendant Gorsuch moves the Court for summary judgment on Plaintiff's claim based on several contentions: that Plaintiff's claim is barred by the statute of limitations, that Gorsuch did not have any involvement in the alleged underlying injury, that Plaintiff did not exhaust his administrative remedies, and that Gorsuch is entitled to qualified immunity. ECF No. 27 at 2-3. Plaintiff has not responded or otherwise submitted any evidence to the Court supporting his claim.

Here, Plaintiff is asserting a claim against Gorsuch under 42 U.S.C. § 1983. Gorsuch can only be liable under a Section 1983 claim if Gorsuch was personally involved in the alleged violation of Plaintiff's constitutional rights:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir.

1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983. *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 680–81 (9th Cir. 1984). *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court finds that Gorsuch is entitled to summary judgment because Plaintiff has failed to present any admissible evidence that Gorsuch was personally involved in the alleged constitutional violation.

Gorsuch submitted his declaration attesting that he was the Sergeant at the Klickitat County Jail during the timeframe when Plaintiff served his sentence in February 2015, that his main role was focused on the administration of the jail, and that he did not typically make rounds and interact with the inmates on the floor of the jail. ECF No. 29 at 2, ¶ 2. Importantly, Gorsuch attested that while he knew Plaintiff "received medical care during his incarceration", he "did not have any involvement in that medical care, nor was [he] made aware of any medical recommendations regarding [Plaintiff]." ECF No. 28 at 2, ¶ 4. Gorsuch specifically attested that he "did not hinder or delay any of [Plaintiff's] medical treatment and did not know of or ignore any requests from [Plaintiff] to see a doctor, change his cast, or treat his fractured arm." ECF No. 29 at 2-3, ¶ 6. Plaintiff has not presented any evidence to indicate otherwise.

ORDER GRANTING DEFENDANT GORSUCH'S MOTION FOR SUMMARY JUDGMENT ~ 4

Notably, at Plaintiff's deposition, counsel for Gorsuch asked Plaintiff why he was suing Berri Gorsuch.  ECF No. 30 at 39.  Plaintiff replied: "Because he was a supervisor in charge of my health at the time of my injury."  ECF No. 30 at 39.  The only interaction Plaintiff could recall with Gorsuch was that Gorsuch "was the supervisor that actually walked into my cell and told me that my sentence was finished early."  ECF No. 30 at 39.  As such, the only evidence in the record involving Gorsuch and Plaintiff is that Gorsuch told Plaintiff that his sentence was finished early.  This is insufficient to create a genuine dispute.

The Court also determines that this action is time barred and Plaintiff has not shown exhaustion of remedies predicate to bringing this suit.

**IT IS HEREBY ORDERED:**

Defendant Berri Gorsuch's Motion for Summary Judgment (ECF No. 27) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order, enter judgment in favor of Defendant, furnish copies to the parties, and close the file.

DATED September 25, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT GORSUCH'S MOTION FOR SUMMARY JUDGMENT ~ 5